The document below is hereby signed.

Signed: June 30, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
ROBERT WILLIAM HALL, JR.,          )   Case No. 12-00753
                                   )   (Chapter 11)
          Debtor.                  )
_____)
                                   )
ROBERT WILLIAM HALL, JR.,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Adversary Proceeding No.
                                   )   13-10039
CORAL SEAS CONDOMINIUM             )
ASSOCIATION, et. al.,              )   Not for publication in
                                   )   West's Bankruptcy Reporter.
          Defendants.              )
```

<u>MEMORANDUM DECISION RE DEFENDANTS' MOTION TO DISMISS</u>

Before the court is the unopposed *Motion to Dismiss the Amended Complaint or, in the Alternative, for Summary Judgment* filed by the Coral Seas Condominium Association ("Coral Seas"), Mann Properties, Inc. ("Mann Properties"), and Kelly Quinn ("Quinn"). The court will dismiss all of the counts against these defendants except for Counts Two and Three.

I. Background

The plaintiff owns a condominium unit in Ocean City,

Maryland. Am. Compl. ¶ 1. The unit can be accessed by elevator or stairway, but to use either the elevator or stairs requires first punching in an access code. *Id.* ¶ 2. These access codes are periodically changed. *Id.* The plaintiff has a storage unit in the building and access to that storage unit also requires punching in a code. *Id.* ¶ 3.

Coral Seas is the homeowners' association for the building. *Id.* ¶ 7. Mann Properties is the property manager for the building, and Quinn works for Mann Properties. *Id.* ¶ 8. In January 2007, the plaintiff's unit was broken into and electronics and other personal property were stolen. *Id.* ¶ 11. In June 2007, the roof of the Coral Seas building began to leak and the plaintiff's unit was damaged. *Id.* ¶¶ 12-14. The plaintiff filed a claim with Coral Seas for the damages, which Coral Seas did not grant. *Id.* ¶ 14. In June 2008, the plaintiff stopped paying his homeowners' association fees pending resolution of his claim for damages. *Id.* ¶ 16. In May 2009, the plaintiff's unit sustained further damage when part of the roof was blown off. *Id.* ¶ 17.

The amended complaint alleges several instances in which the defendants prevented the plaintiff from gaining access to his unit. In May 2012, Mann Properties changed the access code for the elevator and the access code for the storage unit. *Id.* ¶¶ 20, 26. The plaintiff asserts that Mann Properties

intentionally failed to send to the plaintiff the e-mail notifying residents of the new access codes for the elevator and storage unit. *Id.* ¶¶ 25, 27. In January 2013, the defendants again changed the code for the storage unit and allegedly failed to notify the plaintiff of the new code. *Id.* ¶ 40.

## II. Legal Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (incorporated in Fed. R. Bankr. P. 7012), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The complaint need only state sufficient facts to "nudge[] [the plaintiff's] claims across the line from conceivable to plausible." *Id.* The court accepts as true all factual allegations in the complaint and draws all inferences in favor of the nonmoving party. *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014).

The court must treat the motion to dismiss as a motion for summary judgment if, on the Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). If a motion to dismiss is converted into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "The decision to convert

3

a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006).

By way of Fed. R. Bankr. P. 7056, Rule 56 of the Fed. R. Civ. P. applies in adversary proceedings. Rule 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III. Analysis

A. Count One: Breach of Contract

In Count One, the plaintiff alleges that Coral Seas "was contractually obligated to insure the Coral Seas building so that Plaintiff/Debtor would be reimbursed by insurance for any damages to the Unit caused by defects and/or damages" and that Coral Seas refused to reimburse the plaintiff for damages to his unit caused by a leaking roof. Am. Compl. ¶¶ 45-48. Specifically, the amended complaint states that Coral Seas "has the contractual obligation to Plaintiff/Debtor for insuring the building and facilitating the payment of Plaintiff/Debtor claims when damage to common areas of the building cause damages to the Unit." *Id.* ¶ 7.

The defendants allege that this claim is barred by the three-year statute of limitations. Dismissal pursuant to Rule

4

12(b)(6) based on a statute of limitations defense is appropriate only where "the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The statute of limitations begins to run from the date a contract is breached. *Dillard v. Travelers Ins. Co.*, 298 A.2d 222, 224 (D.C. 1972).[1] However, there are no facts indicating when the breach of contract occurred. If the breach occurred when the claim for reimbursement was denied, the face of the complaint fails to state that date. Accordingly, Count One cannot be dismissed based on the statute of limitations defense.

The defendants also allege that the plaintiff has not pled a breach of contract claim with sufficient specificity. The court agrees. Under Maryland law, "[i]n an action for breach of contract, the plaintiff must prove that the defendant had a contractual obligation and that the obligation was breached." *Mathis v. Hargrove*, 888 A.2d 377, 396 (Md. Ct. Spec. App. 2005). The amended complaint lacks any facts identifying what contract existed between Coral Seas and the plaintiff requiring

---

[1] The parties do not dispute that Maryland substantive law governs the claims in this adversary proceeding, because that is where the plaintiff's unit is located and where all of the alleged claims arose. However, the District of Columbia's procedural rules, including the District of Columbia's statute of limitation rules, apply in this proceeding. *Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 357 F. Supp. 2d 287, 292 (D.D.C. 2005) ("D.C.'s choice of law rules require that the Court apply this jurisdiction's procedural laws, including its three-year statute of limitations for contract claims.").

reimbursement by Coral Seas for damages to the plaintiff's unit. This renders the complaint insufficient to survive a motion to dismiss. *Nat'l Sec. Counselors v. C.I.A.*, 931 F. Supp. 2d 77, 89 (D.D.C. 2013) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) (internal quotation marks omitted)). The assertion that Coral Seas is "contractually obligated" to reimburse the plaintiff for damages, without any further supporting facts, does not suffice to state a claim for breach of contract.

B. Count Two: Conversion

     The plaintiff alleges that in January of 2013, the defendants denied him access to his storage unit by withholding the access code and that this prevented him from selling certain glass tiles located in the storage unit.  Am. Compl. ¶¶ 40, 50. The plaintiff contends that this amounts to conversion and that he suffered $1,500 in damages as a result.  The plaintiff also asserts that Coral Seas and Mann Properties intentionally denied him access to his storage unit in retaliation for the plaintiff's seeking reimbursement for the damages to his unit.  *Id.* ¶ 52.

      The tort of conversion requires (1) an act of ownership, and (2) intent. *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 835 (Md. 2004).  Specifically, there must be an "act of

ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Id.* (quoting *Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 963 (Md. 1999)). With respect to the required mental state, "[a]t a minimum, a defendant liable of conversion must have 'an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights.'" *Id.* at 836 (quoting *Keys v. Chrysler Credit Corp.*, 494 A.2d 200, 208 (Md. 1985)). Here, the amended complaint sufficiently claims an act of dominion by the defendants over the plaintiff's property in his storage unit and that the defendants did so with the intent to exercise control over the plaintiff's property.

Furthermore, summary judgment is not appropriate on this claim because there is a genuine issue of material fact regarding whether the defendants sent notice of the new storage unit code to the plaintiff in January 2013.[2] There is also an issue of fact as to the defendants' intent in allegedly failing to release the storage unit code to the plaintiff in January of 2013. *See Tech 7 Sys., Inc. v. Vacation Acquisition, LLC*, 594 F. Supp. 2d

---

[2] The defendants' Statement of Material Facts Not in Dispute merely states that "Defendants' counsel at the December 17, 2013 hearing explained that the e-mail address to which Coral Seas and Mann Properties sent these Access Codes was the same email address that the Plaintiff used to respond to another email," but an attorney's statements in favor of the attorney's client are not evidence. Moreover, at that hearing, the plaintiff disputed the defendants' contention that they had e-mailed the storage unit code to him.

7

76, 85 (D.D.C. 2009) ("It is well-established that it is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment." (citation and internal quotation marks omitted)).

C. Count Three: Wrongful Detainer

The plaintiff alleges that Coral Seas and Mann Properties "unlawfully detain[e]d" his property when they changed the elevator codes, thereby preventing the plaintiff from accessing his unit.[3]  Am. Compl. ¶ 54.

Wrongful detainer requires a showing that the plaintiff (1) was lawfully entitled to possession, (2) demanded possession following his entitlement to do so, and (3) the possession was wrongfully denied. *Legacy Funding LLC v. Cohn*, 914 A.2d 760, 766 (Md. 2007).  The plaintiff alleges that Mann Properties, as agent for Coral Seas, changed the elevator code in May of 2012 without informing him, and thereby he was illegally prevented from accessing his unit until the elevator repairman let his roommate in the elevator and the roommate took the plaintiff to the floor for his unit.  *Am. Compl.* ¶¶ 20 and 21.  The amended complaint

---

[3] Unlawful detainer, also referred to as forcible detainer, is a cause of action by which a mortgagee may gain possession of property from a holdover mortgagor or, alternatively, by which a landlord may regain possession from a holdover tenant.  *See Laney v. State*, 842 A.2d 773, 785 n.15 (Md. 2004).  The factual allegations do not state a claim for and do not fit into the general framework of an unlawful detainer claim, and therefore the court (and the defendants) assume that the plaintiff is referring to a claim for wrongful detainer.

also alleges that the plaintiff had requested the code for the elevator from Mann Properties and Quinn, but that they refused to provide it to him.  *Id.* ¶ 22.

These facts support an allegation that possession of his unit was wrongfully denied.  The facts state that Coral Seas and Mann Properties illegally failed to release the elevator code to the plaintiff, thereby denying the plaintiff possession of his unit, at least temporarily, until he was able to obtain access to his unit through means other than his alleged entitlement to have Coral Seas and Mann Properties provide him the elevator code. *Id.* ¶ 23.[4]  As a result, the complaint sufficiently states a claim for wrongful detainer regarding denial of possession of his

---

[4] Although conclusory allegations of illegality ordinarily do not pass Rule 12(b)(6) muster, it stands to reason that a condominium association is generally obligated to provide its unit owners the access codes for the elevator whose use is necessary to reach their units.  Accordingly, the amended complaint can be read as alleging that as a unit owner entitled to access to his unit, Coral Seas was obligated to provide the plaintiff the elevator code in order for him to obtain access to his unit.  A failure to provide the code would be in violation of that obligation and thus illegal.

9

unit.[5]  The claim of wrongful detainer encompasses as well the denial of his access to the elevator itself, a common area to which he and other unit owners jointly shared a non-exclusive right of possession.  Nothing in the limited case law the court has found regarding the tort of wrongful detainer suggests that the tort ought not apply to improper denial of access to a condominium unit's common areas.

D. Count Five: False Imprisonment

In Count Five, the plaintiff claims he was falsely imprisoned, based on the plaintiff's being unable to leave his unit for twelve hours because he did not have the elevator code.  He alleges that he could not leave his condo because he would not have been able to get back in.  Am. Compl. ¶ 62.

Under Maryland law, "[a]n action for false imprisonment arises when one unlawfully causes a depravation of another's liberty against his will."  *Carter v. Aramark Sports & Entm't Servs., Inc.*, 835 A.2d 262, 284 (Md. Ct. Spec. App. 2003) (quoting *Allen v. Bethlehem Steel Corp.*, 547 A.2d 1105, 1109 (Md.

---

[5] The plaintiff acknowledges that the elevator code is "periodically changed," thereby admitting that he does not have control over the elevator code settings. *Id.* ¶ 2. But what the plaintiff pleads is that the changed code was improperly withheld.  The plaintiff also acknowledges that he stopped paying his quarterly HOA fees in June of 2008. *Id.* ¶ 16.  The complaint does not reveal, however, whether this failure to pay made him no longer entitled to the code.  By pleading that the code was improperly withheld, the plaintiff effectively alleges that his failure to pay dues did not deprive him of his entitlement to the elevator code.  The defendants remain free to show the contrary.

Ct. Spec. App. 1988)) (internal quotation marks omitted).  False imprisonment requires a showing of (1) the deprivation of liberty of another, (2) without consent, and (3) without legal justification.  *Id.*

The court can readily dispose of this count.  The amended complaint states that because the plaintiff was not given the new elevator code, he "could not leave the Unit for over 12 hours because if he had he would have been unable to return to his Unit since the only access was through use of the elevator which he was unable to use since he did not have the Elevator Code."  Am. Compl. ¶ 62.  It is clear, therefore, that the only thing confining the plaintiff to his unit was his own concern about how he would regain access to his condo.  The plaintiff was not deprived of his liberty and could have left his unit at any time.  This consent to confinement defeats a claim of false imprisonment.  *See Carter*, 835 A.2d at 285 (explaining that "'[v]oluntary consent to confinement nullifies a claim of false imprisonment'" (quoting *Hanna v. Marshall Field & Co.*, 665 N.E.2d 343, 349 (Ill. App. Ct. 1996))).

E. Count Nine: Conspiracy

The plaintiff also asserts that various defendants conspired to falsely imprison him.  Under Maryland law, "'conspiracy' is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the

plaintiff." *Alleco Inc. v. Harry & Jeanette Weinberg Found.*, 665 A.2d 1038, 1045 (Md. 1995) (internal quotation marks and citation omitted). In other words, "[n]o action in tort lies for conspiracy to do something unless the acts actually done, if done by one person, would constitute a tort." *Id.* (quoting *Domchick v. Greenbelt Consumer Servs., Inc.*, 87 A.2d 831, 834 (Md. 1952)). Because the amended complaint fails to state a claim for false imprisonment, it also fails to state a claim for conspiracy to commit false imprisonment.

F. Count Seven: Tortious Interference with Contractual Relations

The plaintiff alleges in Count Seven that defendant Quinn tortiously interfered with the debtor's contractual relationship with Coldwell Banker by contacting Coldwell Banker and "attempting to divert" from the plaintiff's estate "money lawfully owing from Coldwell Banker" to the plaintiff. Am. Compl. ¶ 68.

The tort of intentional interference with a contract "is committed when a third party's intentional interference with another in his or her business or occupation induces a breach of an existing contract or, absent an existing contract, maliciously or wrongfully infringes upon an economic relationship." *Macklin v. Robert Logan Assocs.*, 639 A.2d 112, 117 (Md. 1994). The amended complaint does not state a claim for intentional interference. The amended complaint merely alleges that Quinn

"attempt[ed] to divert" money from the plaintiff's estate, thereby acknowledging that her alleged actions did not induce a breach of an existing contract or wrongfully infringe on an economic relationship.  Therefore, the amended complaint fails to allege any breach of a contract or infringement of an existing contract.  Along these same lines, the amended complaint fails to allege any damages from Quinn's actions.  *Natural Design, Inc. v. Rouse Co.*, 485 A.2d 663, 675 (Md. 1984) (listing damages as one of the elements of the tort).  The amended complaint also fails to state any facts suggesting a "tortious intent" on the part of Quinn.  *Macklin*, 639 A.2d at 119 ("To establish tortious interference with prospective contractual relations, it is necessary to prove both a tortious intent and improper or wrongful conduct.").  Therefore, the court will dismiss Count Seven.

G. Count Eight: Negligence

The plaintiff alleges that Coral Seas and Mann Properties are liable for their negligence in not maintaining the locks and security of the doors at the Coral Seas facility and that, as a result, $4500 of the plaintiff's personal property was stolen. Am. Compl. ¶¶ 70-72.

The statute of limitations for a negligence claim is three years.  D.C. Code § 12-301(8) (three-year statute of limitations for an action "for which a limitation is not otherwise specially

13

prescribed."); *see also George v. Bank of Am. N.A.*, 821 F. Supp. 2d 299, 303 (D.D.C. 2011) (applying the District of Columbia's three-year statute of limitations for a negligence claim). Here, the amended complaint alleges that the theft of the plaintiff's property occurred in January of 2007. Am. Compl. ¶ 11. The plaintiff filed his bankruptcy case on November 15, 2012. As a result, Count Eight is barred by the statute of limitations.

H. Count Ten: Willful Violation of the Automatic Stay

In Count Ten, the plaintiff alleges that both Coral Seas and Mann Properties willfully violated the automatic stay by failing to provide the elevator code and the storage unit code to the plaintiff after he filed his chapter 11 case. Am. Compl. ¶ 76. However, this claim fails based on the law of the case doctrine. Under that doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *Sherley v. Sebelius*, 689 F.3d 776, 780-81 (D.C. Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996)). The plaintiff has already raised this same claim against the same defendants in his *Motion to Show Cause Why Sanctions Should not be Imposed for Violating the Automatic Stay* in the main case, and the court already decided the issue. The court previously determined that the defendants are not liable for willful violation of the automatic stay. *See* Mem. Dec. in Case No. 12-00753 (entered Jan. 3, 2014) at 46, 48-49. The court

determined that the defendants had not violated 11 U.S.C. § 362(a)(3).  With respect to 11 U.S.C. § 362(a)(6), the court found that the plaintiff had waived suing for a violation of the automatic stay.  *See id.* at 48.  As a result, Count Ten will be dismissed.

I. Punitive Damages

The plaintiff seeks punitive damages from the defendants. The remaining claims against these defendants are for conversion and wrongful detainer.  With respect to the conversion claim, the plaintiff has pled sufficient facts to state a claim for punitive damages.  The facts indicate that the defendants withheld access to the plaintiff's storage unit based on ill will, because the plaintiff had sought reimbursement for damages to his unit caused by a leak in the roof.[6]  Similarly, with respect to the claim for

---

[6] The defendants assume that District of Columbia law applies.  District of Columbia law and Maryland law require similar levels of wrongdoing to warrant punitive damages. *Compare Butera v. Dist. of Columbia*, 235 F.3d 637, 657 (D.C. Cir. 2001) ("'Punitive damages are warranted only when the defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury.'" (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995))), *with Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) ("In a tort action, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages. . . . Actual malice has been defined as conduct 'characterized by evil motive, intent to injure, ill will, or fraud.'  *Komornik v. Sparks*, 331 Md. 720, 629 A.2d 721, 725 (1993).").

15

wrongful detainer, the plaintiff alleges that the defendants intentionally denied him the elevator code in retaliation for his seeking reimbursement for the damages to his unit, and this also suffices to state a claim for punitive damages.  Moreover, summary judgment is not appropriate because there exist questions of fact concerning the defendants' intent in withholding the storage unit code and the elevator code.

## IV. Conclusion

For these reasons, Count One, Count Five, Count Seven, Count Eight, Count Nine and Count Ten are dismissed for failure to state a claim for relief.  An order follows.

[Signed and dated above.]

Copies to: All counsel of record.