The document below is hereby signed.

Signed: July 2, 2014



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT WILLIAM HALL, JR., | ) | Case No. 12-00753 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT WILLIAM HALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 13-10039 |
| CORAL SEAS CONDOMINIUM | ) | |
| ASSOCIATION, *et al.*, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE
NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS

The debtor, Robert William Hall, Jr. has filed a 10-count

amended complaint, asserting various causes of action relating to

his condominium unit.  Nationstar Mortgage, LLC, one of several

defendants in this adversary proceeding, has filed a motion to

dismiss for failure to state a claim as to the three claims

asserted against it, which includes a claim for unlawful detainer

(Count 4), a claim for trespass (Count 6), and a claim for

conspiracy (Count 9).[1]  The court will grant the motion as to the

unlawful detainer and conspiracy claims, but not as to the

trespass claim, for the following reasons.

I.

The debtor is the owner of a condominium unit located in a

4-story condominium complex known as Coral Seas located at 7601

Coastal Hwy, #407, Ocean City MD 21842 (the "Unit").  The Unit

can only be accessed via an elevator [or] coded emergency

stairway and to operate the elevator or emergency stair door

entrance requires punching in a code, which code is periodically

changed.  Along with the Unit, the debtor has the right to

exclusive use of a storage unit in the building.  Access to the

debtor's storage unit is located on the first floor of the

building, and is also controlled by a code.  One cannot enter the

storage unit area without punching in the code.  The storage unit

code is periodically changed.

The debtor stores business materials and personal and

business records in the storage unit.  Historically, the debtor

has rented out the unit to vacationers during the summer earning

at a minimum $16,000 per summer season.  During the off season,

the debtor has rented two bedrooms within the unit for a monthly

---

[1]  The motion was filed six days prior to the filing of an
amended complaint.  Because the amended complaint did not
substantively alter the allegations or claims being asserted
against Nationstar, the court issued an order providing that the
motion to dismiss shall apply as well to the amended complaint.

rental of $600 for each bedroom, for a total monthly rent of $1,200.

Nationstar is the servicer of the debtor's mortgage on the condominium unit.  The amended complaint alleges that in May 2012, a locksmith,[2] at the direction of Nationstar and other defendants changed the locks on the debtor's unit without the debtor's permission.  The locksmith allegedly damaged the door in the process of changing the lock, trespassed on the debtor's property, and "prevented the debtor from entering his condominium unit."  Despite the allegation that the changing of the lock prevented the debtor from entering his condominium unit, the amended complaint clarifies that, in fact, the new lock did not prevent the debtor from entering his unit because it was not secure, thus enabling the debtor to "break-in" to his own unit. The debtor nevertheless contends that the changing of the lock on his unit, together with the changing of the access codes (an act alleged to have been committed by defendants other than Nationstar), caused the debtor's tenants to move out and rendered the debtor unable to rent his condominium unit.  The complaint alleges that in changing the lock on his condominium unit, Nationstar was intentionally seeking to wrongfully injure the

---

[2]  The debtor has not identified the locksmith with specificity, other than to say that he is an Ocean City locksmith who works for another defendant, which in turn works for Nationstar.

debtor.   It likewise alleges that NationStar "collaborated and

cooperated" with other defendants in unlawfully detaining and

falsely imprisoning the debtor.[3]

A.
Trespass

Under Maryland common law,[4] to establish the tort of

trespass, one must show: "(1) an interference with a possessory

interest in his property; (2) through the defendant's physical

act or force against that property; (3) which was executed

without his consent."  *Royal Inv. Grp., LLC v. Wang*, 961 A.2d

665, 688 (Md. 2008) (quoting *Mitchell v. Baltimore Sun Co.*, 883

A.2d 1008 (Md. 2005)).  Even if one does not actually commit the

trespass himself, a party who directs a third party to commit an

act amounting to trespass is liable as a trespasser.  *See*

Restatement (Second) Torts § 158 (1965) cmt. j ("If, by any act

of his, the actor intentionally causes a third person to enter

---

[3]   The court has not included in its summary of facts all of
the allegations relating to Nationstar's co-defendants.  For
purposes of this decision, it is sufficient to note that the
debtor has asserted, *inter alia*, claims of unlawful detainer and
false imprisonment against other defendants, has alleged that
Nationstar is liable for those acts on a theory of civil
conspiracy, and aside from the conclusory allegation that
Nationstar collaborated and cooperated with those defendants, the
debtor has not alleged a factual nexus between Nationstar's
conduct and that of other defendants.

[4]   All of the alleged conduct and harm occurred in Maryland
and the parties have briefed the issues under the shared
assumption that Maryland law applies.  There being no apparent
choice of law dispute, I will apply Maryland law in disposing of
Nationstar's motion.

land, he is as fully liable as though he himself enters.  Thus,
if the actor has commanded or requested a third person to enter
land in the possession of another, the actor is responsible for
the third person's entry if it be a trespass.").  The debtor has
alleged that the Locksmith, acting as the agent of and pursuant
to instructions from defendant Nationstar, unlawfully and without
permission entered a condominium unit owned by the debtor and
changed the door lock.  These allegations are sufficient to state
a claim for trespass against Nationstar.  *See Dixon v. Midland
Mortg. Co.*, 719 F. Supp. 2d 53, 56 (D.D.C. 2010) (pleading that
creditor entered plaintiff's property without consent and changed
the locks, preventing entry by the owners, was adequate to state
a claim of trespass under D.C. common law).[5]

### B.
### Unlawful Detainer

The debtor has included in his complaint a count styled as a
count for unlawful detainer, and the court will assume that the
debtor is attempting to state a claim for wrongful detainer.[6]  To

---

[5]  The mortgage agreement may provide that Nationstar has a
contractual right to change the locks under certain
circumstances.  If so, the evidence may quickly dispose of this
claim at trial.

[6]  Unlawful detainer, also referred to as forcible detainer,
is a cause of action by which a mortgagee may gain possession of
property from a holdover mortgagor or, alternatively, by which a
landlord may regain possession from a holdover tenant.  *See Laney
v. State*, 842 A.2d 773 (Md. 2004).  The factual allegations do
not state a claim for and do not fit into the general framework
of an unlawful detainer claim.

state a claim for wrongful detainer, the debtor would need to
allege, at a minimum, (1) that he was lawfully entitled to
possession, (2) that he demanded possession following his
entitlement to do so, and (3) that possession was wrongfully
denied. *Legacy Funding LLC v. Cohn*, 914 A.2d 760, 766 (Md. 2007)
(relying on a Missouri case construing a Missouri wrongful
detainer statute and observing that "there is little guidance in
the caselaw regarding the elements of a non-statutory wrongful
detainer action . . . ."). Here, the debtor has not alleged any
communication between himself and Nationstar or its agents that
could constitute a demand for possession, and there is no
allegation that Nationstar ever refused to restore the debtor to
possession of his property. In fact, the amended complaint makes
clear that it never came to that because the replacement lock on
the door "was not secure and Plaintiff/Debtor was able to 'break
in' to his own Unit." In other words, there was never any need
to demand a restoration of possession because the changing of the
locks did not successfully deprive the debtor of possession. It
may be that the changing of the locks constituted a trespass
causing damage and interfering with the debtor's property rights,
but the complaint fails to allege facts sufficient to support a
claim for wrongful detainer.

                              C.
                          Conspiracy

    The complaint alleges that Nationstar "collaborated and

                              6

cooperated" with other defendants "in unlawfully detaining and falsely imprisoning Plaintiff/Debtor intentionally seeking to wrongfully injure Plaintiff/Debtor."

To state a claim for civil conspiracy, the debtor must adequately allege "1) [a] confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) actual legal damage resulting to the plaintiff." *Lloyd v. GMC*, 916 A.2d 257, 284 (Md. 2007).  In order to state a claim for conspiracy, a plaintiff must plead facts that amount to more than "parallel conduct and a bare assertion of conspiracy . . . .  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  *See also A Society Without A Name v. Virginia*, 655 F.3d 342, 346-47 (4th Cir. 2011) (complaint failed to state a conspiracy claim where the plaintiff failed to allege with any specificity who agreed to the conspiracy, the specific communications among the alleged conspirators, or the manner in which those communications were made); *Nelson v. City of Crisfield,* 2010 WL 4455923, at *4 (D. Md. Nov. 5, 2010) (dismissing conspiracy claim where "nothing in the complaint suggest[ed] an actual meeting of the minds" and

explaining that "a plaintiff must advance more than 'conclusory allegations of conspiracy, unsupported by a factual showing of participation in a joint plan of action.'"); *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (the court could not infer the existence of an agreement for purposes of a conspiracy claim based merely on the allegation that the defendants had "agreed among themselves" to subject the plaintiff to certain discriminatory acts); *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 113-14 (D.D.C. 2010) (merely alleging the existence of an agreement without buttressing that allegation with any factual support rendered conspiracy claim deficient).

The closest the debtor comes to alleging the existence of an agreement between Nationstar and certain other defendants is his conclusory allegation that Nationstar "collaborated and cooperated with" those defendants.  Even if the court assumes the truth of all of the facts alleged in the amended complaint, this type of conclusory allegation of collaboration and cooperation is insufficient to support a claim for civil conspiracy.  I will dismiss the conspiracy claim asserted against NationStar accordingly.

II

In accordance with the foregoing, it is

ORDERED that NationStar's motion to dismiss the amended complaint is denied in part and granted in part, as follows.  It

8

is further

ORDERED that as to defendant NationStar, the debtor's claim of unlawful detainer (Count 4) is DISMISSED.  It is further

ORDERED that as to defendant NationStar, the debtor's claim for conspiracy (Count 9) is DISMISSED.  It is further

ORDERED that NationStar's motion to dismiss is otherwise denied.

[Signed and dated above.]


Copies to: All counsel of record; Office of United States Trustee.

N:\Common\TeelDW\LKD\OPINIONS\Robert William Hall v Main Properties et al\Memorandum Decision re Nationstar's Motion to Dismiss_v_final.wpd