The document below is hereby signed.

Signed: February 12, 2015



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
ROBERT WILLIAM HALL, JR.,        )   Case No. 12-00753
                                 )   (Chapter 7)
          Debtor.                )
_____  )
                                 )
ROBERT WILLIAM HALL, JR.,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Adversary Proceeding No.
                                 )   13-10039
CORAL SEAS CONDOMINIUM           )
ASSOCIATION, et al.,             )   Not for publication in
                                 )   West's Bankruptcy Reporter.
          Defendants.            )
```

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

On December 19, 2014, the plaintiff, Robert William Hall, Jr., filed a *Motion for Reconsideration of Order Directing Clerk to Issue Final Judgment Dismissing all but Counts 2, 3, and 6 of the Amended Complaint With Prejudice* (Dkt. No. 99). For reasons explained in more detail below, the court will deny the motion.

I

First, the plaintiff asks the court to reinstate Count 1 of the amended complaint, a breach of contract claim asserted

against Coral Seas Condominium Association.  The court dismissed the breach of contract claim because the amended complaint failed to identify a contract between Coral Seas and the plaintiff that would require Coral Seas to reimburse the plaintiff for damage to the plaintiff's unit.  As with the amended complaint, the plaintiff's motion for reconsideration fails to point to a contractual provision that was violated, and the court will thus deny the plaintiff's request to reinstate this claim.

Second, the plaintiff asks the court to reinstate Count 8, a negligence claim asserted against the Coral Seas Condominium Association and Mann Properties.  The court dismissed this claim as barred by the statute of limitations because it was based on the defendants' negligence in connection with a theft that occurred in January of 2007, more than three years before the plaintiff filed his bankruptcy case on November 15, 2012.  The plaintiff's motion for reconsideration does not address that theft, and likewise fails to point to some other negligent act of the defendants occurring within the limitations period.  Accordingly, the court will deny the plaintiff's request to reinstate Count 8.

Third, the plaintiff asks the court to reinstate Count 9, a conspiracy claim, which the plaintiff describes as a claim against defendants Mann Properties, Kelly Quinn, and the Coral Seas Condominium Association for trying to conceal property

damage from one homeowner (whereas others were notified when damage occurred).  Count 9, as it appears in the amended complaint, however, alleges a conspiracy based upon the defendants having falsely imprisoned the plaintiff.  Count 9 was dismissed because the amended complaint failed to state a claim for false imprisonment, a legal predicate for stating a claim for conspiracy to commit false imprisonment.  The plaintiff's motion for reconsideration does not address the insufficiency of the false imprisonment allegations, and thus fails to state grounds for reinstating Count 9 of the amended complaint.  The court will deny the request to reinstate Count 9 accordingly.

Fourth, the plaintiff asks the court to reinstate Count 4, a claim for unlawful detainer (or wrongful detainer) against defendants Nationstar, FAS and Locksmith.  The claim is based upon the defendants' changing of the locks to the debtor's condominium unit.  This claim was dismissed because the plaintiff failed to allege all of the necessary elements of such a claim, and although the plaintiff's motion for reconsideration points to documentation that specifies when the lender may or may not access the property, it does not purport to supply the missing factual allegations in order to state a claim.  The court will deny the request to reinstate this claim accordingly.

Finally, the plaintiff has asked the court to reconsider its award of costs to the defendants.  It is within the discretion of

the court to award costs to the prevailing party under Fed. R. Bankr. P. 7054(b).  Although the plaintiff offers a public policy argument for not awarding costs and, without providing examples, characterizes the defendants' conduct as egregious, the plaintiff has not attempted to show that the award of costs was improper or an abuse of discretion.  The court's award of costs was within the sound discretion of the court and the request to vacate that award shall be denied.

The plaintiff has failed to show any error in the court's reasoning, or to offer additional factual allegations that would cure the deficiencies that led to the dismissal of the claims at issue.  In short, the plaintiff failed to show grounds for altering or amending the judgment under Fed. R. Bankr. P. 9023, or for relief from the judgment under Fed. R. Bankr. P. 9024, and his motion must be denied accordingly.

II

It is

ORDERED that the *Motion for Reconsideration of Order Directing Clerk to Issue Final Judgment Dismissing all but Counts 2, 3, and 6 of the Amended Complaint With Prejudice* is DENIED.

[Signed and dated above.]

Copies to: Plaintiff; all counsel of record.